IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THOMAS B. GINTER,<br><br>     Plaintiff,<br><br><br><br><br><br>          vs.<br><br><br>VERNON F. ROMNEY, ROBERT D.<br>WEST, STEPHEN H. SCHREINER,<br><br>     Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS AND<br>DENYING PLAINTIFF'S MOTION<br>TO STRIKE<br><br><br><br><br>Case No. 2:12-CV-837 TS |

This matter is before the Court on Defendants' Motion to Dismiss and Plaintiff's Motion to Strike. For the reasons discussed below, the Court will grant the Motion to Dismiss and deny the Motion to Strike.

## I.  BACKGROUND

Plaintiff, who is proceeding pro se and in forma pauperis, filed his Complaint on September 6, 2012. Defendants were served and filed a Motion to Dismiss. In response, Plaintiff filed an Amended Complaint. Defendants then filed a Second Motion to Dismiss.

Plaintiff has not responded to the Motion to Dismiss, but has filed a Motion to Strike, which Defendants have opposed.

Plaintiff brings his claims against Defendant Vernon F. Romney, a Utah Justice Court Judge, and Defendants Robert D. West and Stephen H. Schreiner, two Provo City prosecutors. Plaintiff alleges that he was arrested, on March 22, 2009, for driving on a suspended license, but was not arraigned on these charges until November 17, 2011. Plaintiff alleges that the arraignment that did take place was "not a proper arraignment."[1]  Plaintiff alleges that Defendant Romney ordered him released on his own recognizance, but that he was taken from the Salt Lake County Jail to the Utah County Jail.

Plaintiff further complains that Judge Romney and the prosecutor converted Plaintiff's crime from a misdemeanor to an infraction, thereby depriving him of the right to a jury trial.

Plaintiff makes further allegations that he could not have been driving a motor vehicle on the date he was arrested, based on his definition of the terms "driver" and "motor vehicle." According to Plaintiff, Defendants actions amounted to "double jeopardy, false imprisonment[,] accessory to armed kidnaping, violation of due process, and Breach of Contract."[2]

## II.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as

---

[1]Docket No. 11, at 7.

[2]*Id*. at 5.

the nonmoving party.[3]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[4] which requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."[5]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]  As the Court in *Iqbal* stated, "only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief."[8]

---

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8] *Iqbal*, 556 U.S. at 679 (alteration in original) (internal quotation marks and citations omitted).

As stated, Plaintiff is proceeding pro se.  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[9]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[10]  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[11]

## III.  DISCUSSION

A.    MOTION TO STRIKE

Plaintiff's Motion to Strike is largely repetitive of his Complaint and Amended Complaint.  Plaintiff does argue that Defendant Romney violated his oath by taking the actions set forth in his Complaint.  Plaintiff further argues that Defendants Romney and West conspired against Plaintiff by allowing Defendant Schreiner to practice in court without an oath of office on file.

Neither of these arguments present a valid basis to strike Defendants' Motion to Dismiss.  Rather, they are appropriately considered in determining the merits of that Motion.  Therefore,

---

[9]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10]*Id.*

[11]*Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).

4

the Court will deny Plaintiff's Motion to Strike and will proceed to the consideration of Defendants' Motion to Dismiss.

B.     MOTION TO DISMISS

　　　1.     *Defendant West*

The Court will first examine the claims against Defendant West.  Plaintiff's Complaint and Amended Complaint are largely devoid of any allegations against Defendant West.  He is included only in the caption and in the "Relief Sought by Plaintiff" portions of those documents. In his Motion to Strike, Plaintiff alleges that Defendant Romney and Defendant West conspired against Plaintiff by allowing Defendant Schreiner to practice in court without an oath of office on file.

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."[12]  In this case, Plaintiff has failed to allege sufficient allegations that Defendant West personally participated in any alleged constitutional violation.  The single allegation against Defendant West—that he and Defendant Romney conspired against Plaintiff by allowing Defendant Schreiner to practice in court without an oath of office on file—is a conclusory allegation without any further factual development.  As a result, the Court finds that Plaintiff has failed to state a claim against Defendant West and he will be dismissed.

　　　2.     *Prosecutorial Immunity*

Defendants West and Schreiner claim that they are entitled to prosecutorial immunity.  "It is well established that prosecutors are absolutely immune from suit under section 1983

---

[12]*Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).

concerning activities 'intimately associated with the judicial . . . process,' such as initiating and pursuing criminal prosecutions."[13]  The Supreme Court has held that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."[14]  Thus, "[p]rosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court."[15]

The allegations, or lack thereof, related to Defendant West have been discussed.  Plaintiff alleges that Defendant Schreiner deprived him of various rights during his prosecution, namely the right to a speedy trial and the right to a jury trial.  Plaintiff also appears to make an argument that he was innocent of the charges against him.  These acts are precisely the type that are protected by absolute prosecutorial immunity.  Therefore, these claims must be dismissed as against these Defendants.

### 3.  Judicial Immunity

Plaintiff asserts various claims against Judge Romney.  Specifically, Plaintiff alleges that Judge Romney deprived him of a speedy trial and a jury trial.  Plaintiff further alleges that

---

[13]*Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

[14]*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

[15]*Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009).

Defendants' actions amounted to "double jeopardy, false imprisonment[,] accessory to armed kidnaping, violation of due process, and Breach of Contract."[16]

Judges have absolute judicial immunity for acts taken in their judicial capacity.[17]  Judicial "immunity is overcome in only two sets of circumstances."[18]  "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."[19]

In reviewing Plaintiff's Complaint and Amended Complaint, the Court finds that all of Plaintiff's claims against Judge Romney stem from acts taken in his judicial capacity.  Thus, he is immune from suit.  There are no allegations to suggest that either circumstance that would overcome that immunity is present in this case.  Therefore, Plaintiff's claims against Defendant Romney will be dismissed.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 12) is GRANTED.  It is further

ORDERED that Plaintiff's Motion to Strike (Docket No. 14) is DENIED.

---

[16]Docket No. 11, at 5.

[17]*Stump v. Sparkman*, 435 U.S. 349, 360 (1978).

[18]*Mireles v. Waco*, 502 U.S. 9, 11 (1991).

[19]*Id*. at 11-12 (citations omitted).

The Clerk of the Court is directed to close this case forthwith.

DATED   November 20, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge